Argued and submitted May 18, affirmed October 18, 1995

STATE OF OREGON,
ex rel Eugene Wallace HANSEN,
*Appellant,*

*v.*

Robert SKIPPER,
Sheriff of Multnomah County,
*Respondent.*

(9401-30391; CA A84038)

904 P2d 1079

Robert A. Goffredi argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Plaintiff appeals from the judgment dismissing his writ of habeas corpus in this extradition proceeding. We affirm.

Plaintiff was wanted on a fugitive complaint and governor's warrant issued by the State of Washington. The basis of the demand for extradition was plaintiff's violation of probation that had been imposed on his conviction for "simple assault," a misdemeanor under the City of Vancouver Municipal Code. Plaintiff argues that the trial court erred in remanding him for extradition because, under the provisions of the Uniform Criminal Extradition Act (Act), ORS 133.743 *et seq*, a person may not be extradited for a violation of a municipal ordinance probation.

ORS 133.753 provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime *under the law of that state*; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand." (Emphasis supplied.)

Relying on the emphasized language, plaintiff argues that, because his crime was under a municipal ordinance, it was not a crime "under the law of the state" of Washington. Plaintiff contends that the plain language of ORS 133.753 shows that extraditable offenses are those for crimes under the law of the demanding state, *not* for violations of ordinances of municipalities within that state. He contends that other provisions

in the Oregon Revised Statutes[1] demonstrate that the Oregon legislature clearly understands that a municipal ordinance violation and a state offense are "entirely different creatures" and that, if the legislature had meant to permit extradition for both "state law or municipal ordinance," it would have said so.

Respondent contends that the language in ORS 133.573 on which plaintiff relies ignores other language in the section, as well as the Act as a whole. He contends that plaintiff's interpretation is contrary to the overriding purpose of the Act, which is to provide a mechanism for returning persons charged with criminal offenses to the proper jurisdiction. He argues that the Act can operate only to implement and supplement the Extradition Clause of the United States Constitution and federal statutes, which absolutely bind the states. Therefore, respondent contends, it "really is legally irrelevant what the Oregon legislature may have intended by the single phrase upon which this [plaintiff] relies."

■ However, we need not resolve whether the phrase "under the law of that state" includes municipal ordinances. In construing a statute, if the intent of the legislature is clear from the text and context, we need not inquire further. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). ORS 133.753 is not ambiguous, and we agree with the trial court that the language on which plaintiff relies does not govern his situation.

■ ORS 133.753 is comprised of two sentences that specify the documentation that must accompany a demand for extradition. According to the first sentence, a demand may be made with documents showing an indictment, information, warrant, conviction or sentence. If demand is made on the basis of a conviction or sentence, there also must be a

---

[1] Plaintiff points out that certain subsections of ORS 137.225, which provide the list of crimes that may be expunged, specifically include municipal or local ordinances; ORS 813.100 *et seq* distinguishes between municipal and state violations for driving under the influence of intoxicants; ORS 163.095(f) raises murder to aggravated murder if "the murder was committed after the defendant had escaped from a state, county or municipal penal or correctional facility[;]" and ORS 161.505 defines an offense as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision and this state."

statement that the person has escaped or violated bail, probation or parole.

However, if the demand is based on documents that charge a person with a crime, *i.e.*, warrant, information or indictment, then the first clause of the second sentence requires the additional showing that the charged offense is a crime in the demanding state. Under the plain language of ORS 133.753, that requirement applies *only* to the indictment, information or affidavit:

> "The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state
> \* \* \*."

Plaintiff does not dispute that he was convicted of simple assault and placed on probation. Thus, under ORS 133.753, the documents that must accompany the demand for his extradition are copies of the conviction and a statement that he has violated probation. Plaintiff does not contend that the record does not contain those documents.[2]

■ Plaintiff argues, however, that reading ORS 133.753 as we do creates an absurd situation in which a person could not be extradited if charged with a municipal ordinance but could be extradited for violation of a probation for conviction of that same ordinance.[3] We do not so hold and do not agree that that result necessarily follows from our holding. Whether a demand for extradition based on an alleged *violation* of a municipal ordinance is an extraditable offense under the Act is not presented by these facts. Here, plaintiff was convicted, and nothing in ORS 133.753 prevents the demanding state from seeking extradition on a showing that the conviction exists and probation was violated. The trial court did not err in remanding plaintiff for extradition.

Affirmed.

_____

[2] The record shows that plaintiff was charged with simple assault, pleaded guilty, that a judgment of guilty was entered, sentence was suspended and a bench warrant was issued after plaintiff violated the terms of his probation.

[3] Respondent contends that that result would not be absurd. Even if the drafters of the Act determined that municipal offenses were not significant enough to warrant the expense of return prior to trial, they could have determined that, if an offender was placed on probation following conviction for a municipal offense, the supervising state had a sufficient interest in the probationer to warrant return for punishment upon a violation of that probation.